## HARRIGAN v. WOLFF. (No. 8223.)

Court of Civil Appeals of Texas. San Antonio. May 15, 1929.

Rehearing Denied June 12, 1929.

Thomson, Dilworth & Marshall, of San Antonio, for appellant.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellee.

COBBS, J. Appellee sued appellant for a balance due on a written contract for drilling a well on the "Burns Ranch" in possession of appellant.

There were two written contracts. Appellee put himself in a position to perform the contract and spent money to begin its work. Appellant becoming anxious to terminate the contract, the parties entered into the following agreement in duplicate:

"State of Texas, County of Bexar:

"Whereas, D. D. Harrigan, as first party, entered into a contract with Jacob Wolff, as second party, for drilling a water well on the Burns Ranch. which contract is dated the 27th day of July, A. D. 1926, and is hereby referred to; and

"Whereas, the said D. D. Harrigan has decided not to have said well drilled, and it has been agreed between said parties that said contract may be terminated upon the following terms, to-wit:

"1. The said D. D. Harrigan promises and agrees to pay to the said Jacob Wolff the sum of $1,300.00 as full compensation to the said Jacob Wolff as follows, to-wit,—the sum of $500.00 on this date, receipt of which is hereby acknowledged, and the further sum of $300.00 on the 9th day of November, 1926, and the further sum of $500.00 when and on the date the said Jacob Wolff removes his drilling machinery and material from the said Burns Ranch; and in consideration of such said payments, Jacob Wolff fully releases and acquits the said D. D. Harrigan from any and all claims and demands for damages under said contract and consents to the cancellation of same.

"Witness our signatures, in duplicate, this the 26th day of October, A. D. 1926.

"[Signed]  D. D. Harrigan, First Party.
"[Signed]  Jacob Wolff, Second Party."

The main defense is that the contract is void for lack of consideration. We think there is nothing in that position, as the contract is and was entirely valid.

Neither party cites any authorities whatever, and to us this seems but a simple case involving an enforcible, valid contract.

We do not think there is any merit in appellant's defenses. The case is a county court case, which has been fairly tried and justice administered.

The judgment is affirmed.